JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-03287-JHN-SHx | Date | June 16, 2010 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company as Trustee v. Elry Lucas et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT
(In Chambers)

On April 30, 2010, Defendants removed this unlawful detainer action to federal court from the Los Angeles Superior Court on the basis of federal question and diversity jurisdiction. However, the jurisdictional allegations are defective.

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). However, the Court may remand a case to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987). Here, although Defendants allege that the claims arise under federal law, the Complaint's only cause of action is for unlawful detainer pursuant to California Code of Civil Procedure § 1161a. (Notice of Removal, Ex. 1, Compl. 2.) No federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading. Therefore, no federal question jurisdiction exists.

Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). First, neither the Complaint nor the Notice of Removal alleges the citizenship of the parties. Without an allegation as to citizenship, Defendants cannot meet their burden of establishing diversity. Second, the Complaint specifically states that the

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-03287-JHN-SHx | Date | June 16, 2010 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company as Trustee v. Elry Lucas et al. | | |

amount demanded does not exceed $10,000.  (Notice of Removal, Ex. 1, Compl. 1.)  Defendants present no basis for why the amount-in-controversy requirement is met.  For these reasons, no diversity jurisdiction exists.

For the foregoing reasons, Defendants have failed to meet their burden of establishing federal jurisdiction.  Accordingly, the Court hereby REMANDS this matter to the Los Angeles Superior Court.

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |